UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAY A. FOX, by and through his guardian, ROSE FOX,<br><br>    Plaintiff,<br><br>    v.<br><br>ADMIRAL INSURANCE CO.,<br><br>    Defendant. | No. 12 CV 8740<br><br>Judge Manish S. Shah |

## ORDER

The motion to disqualify Michael Kanovitz as trial counsel, [174], is granted to the extent that Kanovitz is disqualified from participating as a speaking advocate at trial. He may participate by advising his colleagues at counsel table, and he will not be excluded from the courtroom under Federal Rule of Evidence 615.

## STATEMENT

Admiral Insurance Co. moves to disqualify Michael Kanovitz as trial counsel for Ray Fox under the witness-advocate rule. Fox initially opposed the motion but has since agreed to not have Kanovitz serve as trial counsel if Kanovitz is permitted to sit at counsel's table throughout the trial. [183].

Local Rule 83.50 incorporates ABA Model Rule of Professional Conduct 3.7(a), which prohibits a lawyer from acting "as advocate at a trial in which the lawyer is likely to be a necessary witness." Motions to disqualify counsel are typically disfavored because "they can be misused as techniques of harassment" and they "depriv[e] a party of representation of their own choosing"—but that said, "there obviously are situations where they are both legitimate and necessary." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721–22 (7th Cir. 1982). This is one of those situations.

Kanovitz negotiated Fox's settlement with Admiral's insured, and his anticipated testimony is relevant, material, and not obtainable from another source. There is no other witness who can present testimony on Fox's conduct in entering into the settlement, and such evidence might very well shed light on the

reasonableness of the settlement and issues of potential collusion. Indeed, Fox's initial response brief discusses Kanovitz's importance to Fox's representation because of his firsthand knowledge of the case, which itself suggests that Kanovitz is an important witness. *See United States v. Defazio*, 899 F.2d 626, 632 (7th Cir. 1990). Although the burden is on Fox to prove reasonableness of the settlement, Admiral—as the insurer—"retains the right to rebut any preliminary showing of reasonableness with its own affirmative evidence bearing on the reasonableness of the settlement agreement." *Guillen ex rel. Guillen v. Potomac Ins. Co. of Ill.*, 203 Ill.2d 141, 164 (2003). As a necessary witness, Kanovitz should not advocate for Fox at trial. Disqualification protects the jury from potential confusion that could arise if Kanovitz testified and then presented argument or even questioned other witnesses about the facts of the case. *See* ABA Model Rule 3.7 cmt. 2.

Due consideration, however, "must be given to the effect of disqualification on the lawyer's client." ABA Model Rule 3.7 cmt. 4. Fox remains represented by several other experienced trial attorneys from the same firm, who have already appeared in this case. To lessen the prejudice to Fox from the disqualification of his lead counsel, I proposed that Kanovitz be allowed to sit at counsel's table during trial to assist Fox's other attorneys, although he would have no speaking role. Both parties have agreed to this compromise ([183], [184] at 3), but Admiral seeks to have Kanovitz excluded from the courtroom until he testifies. Fed. R. Evid. 615. Rule 615(c), however, provides an exception for a person "whose presence a party shows to be essential to presenting the party's claim or defense." This category "contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation." Fed. R. Evid. 615, Advisory Committee Notes. Kanovitz's role at trial falls into this exception, and the sequestration concerns underpinning Rule 615 have little relevance in these particular circumstances, where Kanovitz has already had access to the discovery in this case through his representation of Fox. Disqualifying Kanovitz from advocating at trial because he is a necessary witness, while allowing him to assist at Fox's counsel's table, balances the concerns of potential prejudice for both sides and avoids juror confusion from Kanovitz's multiple roles.

ENTER:

Date: 10/21/2016

_____
Manish S. Shah
U.S. District Judge